**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **1:25-cr-181 (BAH)** |
| | **:** | |
| **ULISES E. CONTRERAS** | **:** | |
| | **:** | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION**
**TO GOVERNMENT'S REQUEST FOR DETENTION**

Based on an indictment charging Mr. Contreras with an array of offenses relating to the fraudulent theft of unemployment funds during the COVID pandemic, the government has requested pretrial detention of Mr. Ulises Contreras.  Mr. Contreras is accused of a financial offense that is eligible for detention only under 18 U.S.C. §3142f(2)(a), alleging that he is a serious flight risk requiring detention.  But Mr. Contreras is the furthest thing from a flight risk.  He has lived in the DMV for sixteen years, has seven children and a fiancée in the area.  He is currently taking college classes while also working side jobs as a painter.  He is a documented Legal Permanent Resident.  The government's request for pretrial detention has no legal basis and must be denied

**Argument**

Consistent with the presumption of innocence and the Eighth Amendment prohibition against excessive bail, the Bail Reform Act of 1984 provides that a defendant should be released pending trial on personal recognizance or "subject to the least restrictive further conditions, or combination of conditions that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b) and (c)(1)(B). The Supreme Court has explained: "In our society liberty is the norm, and detention

prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); see also *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose."). As a general rule, courts should refuse to release defendants on bail "[o]nly in rare circumstances," and "only for the strongest of reasons." *United States v. Motamedi*, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) (Kennedy, J.). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." Id. at 1405.

The government bears the burden of demonstrating, by a preponderance of the evidence, that preventative detention is necessary to ensure the safety of the community. There is no rebuttable presumption for detention so the Court must release Mr. Contreras absent a showing that he represents a "serious risk of flight."

I.    **The government cannot show that Mr. Contreras is a serious risk of flight**

The government's allegations about Mr. Contreras' conduct aside, its relevant detention arguments focus primarily on Mr. Contreras' compliance on a Prince George's County Theft case, for which he was sentenced to two years of probation.  Upon closer examination, the government's factual assertions about Mr. Contreras are, at minimum, misleading.  In that case, he was placed on "Low" level of supervision.  While it is true that he was unable to make restitution payments, he did not willfully miss a court date – the record in the Maryland case shows a returned summons sent to the wrong address.  In short, Mr. Contreras was not and has never been under even significant conditions of release or the gravitas of a federal criminal case (where he had the experience of being arrested by the Marshal Service).  The government, on this record, has not met its burden to demonstrate that, with these conditions, Mr. Contreras will not return to court.  Mr. Contreras has strong ties to this community and has never left this

community, undermining "the conclusion that [Mr. Contreras'] pretrial detention is necessary in order to assure his presence at trial." *United States v. Nwokoro*, 651 F.3d 108, 110 (D.C. Cir 2011).

The Bail Reform Act "establishes a two-step process for detaining an individual before trial." *United States v. Ailon-Ailon*, 875 F.3 1334, 1336 (10th Cir. 2017). The government may move for pretrial detention under certain circumstances. "If the court determines that there is such a risk, the government must prove at the second step of the process that there is 'no condition or combination of conditions that 'will reasonably assure the defendant's appearance as required as well as the safety of any other and the community." *Id.*

To the extent that Mr. Contreras' non-compliance is relevant, it is relevant to a mild risk of non appearance, rather than flight. Flight and non-appearance are different actions that courts monitor. But most individuals represented by public defenders may risks of non-appearance but not of flight. A recent law review article observed:

> The vast majority of defendants, whose resources fall far short of those of the defendants just described, are on the other end of the spectrum. While these defendants may pose risks of nonappearance, their socioeconomic status makes it unlikely that they could flee from the jurisdiction. Successful flight from the jurisdiction suggests access to networks and resources that are not part of the equation for the vast majority of nonappearing defendants.

Gouldin, Lauryn, *Defining Flight Risk*, U. Chicago L. Rev. 85.677, 711 (2018).

Mr. Contreras, with conditions, is not a risk of non appearance, but even if he was, that would not be a basis for detention at this stage. He has never knowingly missed a court date. While he has recently allegedly violated probation, the alleged non-compliance stemmed only from a failure to pay restitution. In fact, the Maryland probation judge made an opposite finding of what the government asks this Court to make here. On June 13, 2025, Prince George's County released him on a $2000 bond to appear to at his next hearing date.

The 3142 factors support release. The "nature and circumstances" of the offense support release as he is charged with a "non violent crime." *United States v. Vasquez-Benitez*, 919 F.3d 546, 551(D.C. Cir 2019) (upholding District Court determination that defendant is not a flight risk noting illegal reentry is not a violent crime). Whatever the weight of the evidence is (judges have noted it is often strong at this stage of the case), it almost always seems so at the inception of financial crimes cases where pretrial defendants are typically released. Third, Mr. Contreras has never been convicted of a crime of violence. His only conviction for an assaultive offense was for a misdemeanor offense from 2019 from which he received probation and completed the terms of probation satisfactorily. Moreover, he has exceptionally strong ties to the community after graduating from middle and high school locally and having seven children and a fiancée in the area. Fourth, there is no evidence that this Court cannot fashion conditions of release that would result in a reasonable concern that Mr. Contreras would be a danger to the community.

Finally, the defense has presented to Pretrial Services a potential placement in Rockville, Maryland with Mr. Contreras' fiancée, should the Court feel that additional conditions need apply to assure his presence in court.

Mr. Contreras is not a risk of flight, with or without conditions because this area is the only home he meaningfully knows. And he is most certainly not a serious risk of flight. *See generally Agnew v. Gov't of the Dist. of Columbia*, 920 F.3d 49, 56 (D.C. Cir 2019) (noting "the surplusage canon's directive that a statute not be interpreted in a way that renders any part of it superfluous."). Mr. Contreras will comply with conditions and appear to court and the government has not proven otherwise. The government's motion must be denied.

## Conclusion

Wherefore, for the foregoing reasons, the government has not met its burden of demonstrating that Mr. Contreras is a serious flight risk or that there are no conditions or combination of conditions that will assure the safety of the community. Mr. Contreras respectfully requests that the Court deny the government's motion.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500